UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. 06-227 (RBW) |
| | : | |
| v. | : | |
| | : | |
| **DARNELL JACKSON, ET AL.** | : | |
| | : | |

## GOVERNMENT'S MOTION FOR EXCLUSION
## OF TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully requests this Court to exclude the time period between September 29, 2006, and March 29, 2007 (180 days) under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(8)(A). As grounds for this motion, the United States shows:

The twelve defendants in this case are charged in a one count indictment, which charges that the defendants, from on or about 2004, and continuing up to and including July, 2006, conspired to distribute and possess with intent to distribute one kilogram or more of Phencyclidine, also known as PCP.

The instant indictment charges a group of individuals who served as the suppliers of PCP to the wholesale drug sellers in the District of Columbia and suburban Maryland. The supplier from Compton, California and the conspiracy's repertoire of California-based, female couriers are also charged in the indictment. Some of the named defendants have been investigated by the Drug Enforcement Agency (DEA) in Maryland for more than two years, while others have been investigated by the Federal Bureau of Investigation in Washington, D.C. (FBI) for more than one year. In addition, several other law enforcement agencies have been involved in the investigation

into this case including, but not limited to the Metropolitan Police Department, the Prince George's County Police Department, the Los Angeles County Police Department, and the Los Angeles County Sheriff's Department.

The investigation involves a court-authorized Title III wiretaps in which over 2,000 telephone calls were intercepted and recorded; controlled purchases from the defendants and co-conspirators which were conducted using video and audio recording devices; the execution of search warrants at over 10 different locations in California, Maryland, and Washington, D.C.; and, related surveillance operations. The grand jury investigation of the defendants and other targets is continuing.

Given the voluminous nature of the evidence on which the related indictments are based, discovery in this matter will be protracted and time-consuming, although the government anticipates turning over the bulk of all available discovery by September 26, 2006. The present discovery is in excess of 3,000 pages of documents and over seven hours of surveillance video. Defense counsel, understandably, will seek access to the above-listed evidence, including wiretap conversations, controlled buy paperwork, surveillance paperwork, videotapes, audiotapes, etc. The government also will need to prepare a large number of separate transcripts of the intercepted telephone conversations and drug transactions for which it will seek to admit at trial. The government has exercised diligence in making sure that the wiretap transcripts are being prepared, and anticipates that they will be complete by the end of October, 2006. However, due to the nature of the ongoing investigation, additional discovery will need to be provided as necessary. Government's counsel also predicts that the arrest of the five fugitives in the case will generate new discovery as well.

The vast amount of evidentiary material will prolong the discovery process and necessitate a lengthy period of time for pretrial preparation.

Title 18, United States Code, Section 3161(h)(8)(A) allows the Court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the Court may consider when determining whether to exclude time pursuant to Section 3161(h)(8)(A). Where the Court finds that the case is "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established" the Court may exclude such time as necessary to serve the ends of justice. 18 U.S.C. §§3161(h)(8)(A) and 3161(h)(B)(ii) and (iv).

Based upon the amount of evidence involved, the voluminous discovery involved, the need for sufficient time to research, draft and file motions, and prepare transcripts and other evidence for trial, the United States submits that this case is sufficiently unusual and complex and that a reasonable time is necessary for the effective preparation by both the defense and the Government. Indeed, at this time, the circumstances of this case support the exclusion of time between September 29, 2006, and March 29, 2007 (180 days), pursuant to 18 U.S.C. §3161(h)(8)(A) and (B)(ii) and (iv).[1] This additional time also is necessary for the defense counsel to review the evidence, to determine the appropriate motions to be filed, if any, and to prepare a defense for trial. See United States v. Hernandez, 862 F.2d 17, 24 n.3 (2d Cir. 1988) (trial court has broad discretion to grant

---

[1] Indeed, based upon the volume of evidence in this case, the likelihood of a superseding indictment, and the logistics associated with twelve defendants in the related indictments, the Government believes that it is possible an additional motion after 180 days may be necessary.

3

speedy trial exclusion based on complexity of the case when such factor complexity makes it necessary to prepare for fair trial; concluding that "[i]t was hardly an abuse of discretion to hold a nineteen-defendant case to be complex."); United States v. Butz, 982 F.2d 1378 (9th Cir.) (excludable time based on extra time needed to complete discovery, file pretrial motions and prepare defense in a nine co-defendant drug conspiracy involving 29 separate charges), cert. denied, 510 U.S. 891 (1993); U.S. v. Jean, 25 F.3d 588, 595 (7th Cir. 1994).

WHEREFORE, for the foregoing reasons, the United States respectfully requests the Court to enter an Order excluding from computation under the Speedy Trial Act the time period from September 29, 2006, and March 29, 2007 (180 days).

                Respectfully submitted,

                KENNETH L. WAINSTEIN.
                United States Attorney

By:    S. ELISA POTEAT
        Bar No. 420-604
        EMORY V. COLE
        Assistant United States Attorneys
        555 4th Street, N.W.
        Washington, D.C. 20530

CERTIFICATE OF SERVICE

  I hereby certify that a copy of this motion has been E-mailed or faxed to the below-listed counsel for the defendants, on this 22nd day of September, 2006:

1) Mr. Howard Bernard Katzoff, Esq.
  Counsel for Defendant Lawrence Bryant
  katzoffh@aol.com

2) Mr. James W. Rudasill, Jr., Esq.
  Counsel for Defendant John Downs
  rudasilljr7@aol.com

3) Mr. Nathan Silver, Esq.
  Counsel for Defendant Darnell Jackson
  nisquire@aol.com

4) Mr. Rudy Acree, Esq.
  Counsel for Defendant Bernie Hargrove
  Faxed to 202-331-7004

5) Mr. Jensen Barber, Esq.
  Counsel for Defendant Keith Roots
  jebarber@aol.com

                  _____
                  S. ELISA POTEAT
                  ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | Criminal No. 06-227 (RBW) |
| | : | |
| v. | : | |
| | : | |
| **DARNELL JACKSON, <u>ET AL.</u>** | : | |
| _____ | : | |

<u>ORDER</u>

      The Government having filed a motion to exclude time under the Speedy Trial Act, the Court hereby makes the following findings:

      1.      Additional time is necessary for the defense counsel to review the evidence, to determine the appropriate motions to be filed, if any, and to fully prepare the defense for trial. The Court finds further that, without such additional time, defense counsel would not be able to effectively represent their respective clients at trial.

      2.      Based on the quantity of evidence, the Court finds that this case is "complex" within the meaning of 18 U.S.C. § 3161(h)(8)(B)(ii), and that it is unreasonable to expect adequate preparation for pretrial proceedings, and for the trial itself, within the time limits established by the Speedy Trial Act.

      3.      Regardless of whether this case is "complex", based upon the quantity of evidence, the Court finds that, pursuant to 18 U.S.C. § 3161(h)(8)(B)(iv), the failure to provide additional time would deny counsel for the defendants the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

4.       Based on the foregoing, the Court finds that the tolling of the Speedy Trial Act serves the ends of justice and outweighs the best interests of the public and the defendants in a speedy trial.

THEREFORE, it is this _____ day of _____, 2006, hereby

ORDERED, that, in accordance with 18 U.S.C. §§ 3161 (h)(8)A), (h)(8)(B)(ii), (h)(8)(B)(iv) and (h)(7), the period of time from September 29, 2006, and March 29, 2007 (180 days), shall be excluded from the computation of time within which to commence trial.

_____
REGGIE B. WALTON
UNITED STATES DISTRICT COURT

Copies to: