**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 06-227-02 (RBW) |
| | : | Judge Walton |
| TROY ANTOINE HOPKINS | : | |


**DEFENDANT HOPKINS' MEMORANDUM IN SUPPORT OF**
**REQUEST FOR MULTIPLE CONSPIRACIES INSTRUCTION**


Defendant Troy Antoine Hopkins, by and through undersigned counsel and pursuant to Federal Rule of Criminal Procedure 30(a), respectfully submits this Memorandum in support of a requested jury instruction on multiple conspiracies.

A defendant is entitled to receive a requested defense theory instruction if "some" evidence regarding the issue has been presented, "even though the evidence may be weak, insufficient, inconsistent, or of doubtful credibility." *U.S. v. Wofford*, 113 F.3d 977, 979 (9th Cir. 1997)(quoting *U.S. v. Lemon*, 824 F.2d 763, 764 (9th Cit. 1987)); *U.S. v. Sotello-Murillo*, 887 F.2d 176, 178-82 (9th Cir. 1989).  In making a determination regarding the appropriateness of a requested instruction, the evidence should be analyzed "in the light most favorable to the defendant..."  *U.S. v. Parker*, 566 F.2d 1304, 1305 (5th Cir.), *cert. denied*, 435 U.S. 956 (1978).  Of course, the defense can establish facts to justify an instruction

through the cross-examination of government witnesses. *See U.S. v. Demma*, 523 F.2d 981, 986 (9th Cir. 1975).

A leading case in this jurisdiction regarding the request for instruction on multiple conspiracies is *Tarantino v. U.S.*, 846 F.2d 1384 (D.C. Cir. 1988).  The existence of a single conspiracy or multiple conspiracies is primarily a question of fact for the jury. E.g., *United States v. Erwin*, 793 F.2d 656, 662 (5th Cir.), *cert. denied*, --- U.S. ----, 107 S.Ct. 589, 93 L.Ed.2d 590 (1986); *United States v. Molt*, 772 F.2d 366, 369 (7th Cir. 1985), cert. denied, 475 U.S. 1081, 106 S.Ct. 1458, 89 L.Ed.2d 715 (1986); *United States v. Potamitis*, 739 F.2d 784, 787 (2d Cir.), cert. denied, 469 U.S. 934, 105 S.Ct. 332, 83 L.Ed.2d 269 (1984).  In *Tarantino*, the court approved the following instruction:

> [I]n the context of that instruction as to the elements of a conspiracy, you're further instructed with regards [sic] to this alleged conspiracy offense, that proof of several separate conspiracies is not proof of the single, overall conspiracy charged in the indictment unless one of the several conspiracies which is proved is the single conspiracy which the indictment charges. What you must do is determine whether the single conspiracy charged in the indictment existed between two or more conspirators. If you find that no such conspiracy existed, then you must acquit the defendants as to that charge. However, if you are satisfied that such a conspiracy existed, you must determine who were the members of that conspiracy.  If you find that a particular defendant is a member of another conspiracy, not the one charged in the indictment, then you must acquit the defendant. In other words, to find a defendant guilty you must find that he was a member of the conspiracy.

The Court found, "[t]aking the instructions as a whole, this charge was proper. E.g., *United States v. Darby*, 744 F.2d 1508, 1542 (11th Cir.1984) (approving identical instruction), *cert. denied*, 471 U.S. 1100, 105 S.Ct. 2322, 85 L.Ed.2d 841 (1985); *United States v. Gantt*, 617 F.2d 831, 846 (D.C.Cir.1980) (approving substantially similar instruction)." *Tarantino, at* 1401.  The multiple conspiracy language here is similar to that in the proposed instruction by the United States, and in the government's memorandum submitted November 5, 2007.

To deny such an instruction requested by the Defendant would be tantamount to finding that no reasonable juror could find the existence of multiple conspiracies based on the evidence in this case.  As described in *Tarantino*, the typical chain conspiracy analysis falters where alleged members of the conspiracy, as in this case, do not share the interdependence and mutually beneficial goals typically seen in such conspiracies.  The couriers do not depend on any subsequent trafficking of the drugs to attain their goals, the flat transportation payment.  Their goal in the conspiracy is complete upon delivery and not dependent on the success of any subsequent actor.  The same is true of the supplier, whose goal in the conspiracy is complete upon cash sale of the wholesale quantities.  Where merchants trade without credit or fronting, there is no mutual interdependence on the subsequent success of

co-conspirator links further down the distribution chain.  The typically-cited conspiratorial goal of mutual enrichment is not a feature in the facts described here, where Jackson offers $24,000, then $34,000 (but is unsuccessful) for a gallon of PCP that was purchased the day before by Hopkins for $10,000 (call 2484, May 13th, 2007).  Jackson begs to be fronted a quantity of PCP by Hopkins for Jackson to sell, and broaches even selling his car to raise money for a partial purchase of PCP.  His entreaties are rejected by Hopkins.

Jackson makes claims throughout his testimony of purchase trips to L.A. that he takes solely "for himself;" he claims that he and Hopkins don't deal with any of the same people, and despite the plethora of travel-related documentation, not one flight record places Hopkins and Jackson in Los Angeles simultaneously as described by Jackson and resulting in a PCP shipment to the Washington area.  Jackson was a competitor of Troy Hopkins and was on the phone negotiating with Tony Hilt to be fronted drugs while Troy Hopkins was buying up Hilt's supply independently and unbeknownst to Jackson (call 4068).  The threshold of evidence necessary to justify a multiple conspiracies instruction is not a high one, and it is more than satisfied on the record here.

WHEREFORE, Defendant Troy Antoine Hopkins respectfully moves this Court to instruct the jury on a defense theory of multiple conspiracies.

Respectfully submitted,

_____
CARY CLENNON  #366816
Counsel for Troy Antoine Hopkins
Appointed by the Court

P.O. Box 29302
Washington, DC  20017-0302
(202) 269-0969

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing pleading was served on all parties through Electronic Case Filing this sixth day of November, 2007.

_____/S/_____
CARY CLENNON